IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**UNITED STATES OF AMERICA**                                                **PLAINTIFF**

v.                                   **CASE NO. 5:09-cr-50117**

**TIMOTHY LONG**                                                           **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

Currently before the Court are Timothy Long's Motion for Relief Under 28 U.S.C. § 2255 (Doc. 19) and the Government's Response (Doc. 24). Long's Motion argues that he was sentenced under the residual clause of 18 U.S.C. § 924(e)(2)(B)(ii), which was held unconstitutional in *Johnson v. United States*, 135 S. Ct. 2551 (2015). The Government's Response concedes that the sentence is unconstitutional and must be vacated. The Court therefore **GRANTS** Long's Motion (Doc. 19) and **ORDERS** the case to be set for resentencing.

### I.   BACKGROUND

Timothy Long pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) on February 2, 2010. On June 18, 2010, the U.S. Probation Office filed a Presentence Investigation Report ("PSR") noting that Long had three prior violent felony convictions, which qualified as predicate offenses under the Armed Career Criminal Act (the "ACCA"). (Doc. 16). Under the ACCA, a defendant convicted of an offense under 18 U.S.C. § 922(g) who has three previous convictions for a "violent felony" or a "serious drug offense" is subject to a 15-year mandatory minimum sentence, regardless of the statutory maximum for the § 922(g) offense.

In Long's case, the PSR relied on the following three prior violent felony convictions: (1) Battery 2nd Degree in Benton County Circuit Court on November 13, 2001; (2) Aggravated Assault in Benton County Circuit Court on November 13, 2001; (3) Fleeing (By Vehicle with Extreme Indifference) in Benton County Circuit Court on July 12, 2005. (Doc. 16, ¶ 10). Accordingly, on June 18, 2010, this Court[1] enhanced Long's sentence under the ACCA, and sentenced him to 192 months imprisonment, five years of supervised release, a $15,000.00 fine, and a $100.00 special assessment. (Doc. 18). Long filed the instant Motion under 28 U.S.C. § 2255 seeking to vacate, set aside, or correct his sentence on May 20, 2016. The Motion relies on *Johnson*, 135 S. Ct. 2551 (2015), and argues that Long is no longer subject to the 15-year mandatory minumum sentence required under the ACCA. The Government agrees that under *Johnson*, Long is entitled to relief and should be resentenced accordingly.

## II.   DISCUSSION

### A.   ACCA

Generally, a defendant found guilty of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) is subject to a *maximum* term of imprisonment of ten years. 18 U.S.C. § 924(a)(2). However, if the defendant has three or more prior convictions for a "serious drug offense" or a "violent felony," the ACCA imposes a *minimum* term of imprisonment of fifteen years. 18 U.S.C. § 924(e)(1). The ACCA defines "violent felony" as a crime punishable by a term of imprisonment exceeding one year that:

> (i) has as an element the use, attempted use or threatened use of physical force against the person of another; or

---

[1] The Hon. Jimm L. Hendren.

> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

18 U.S.C. § 924(e)(2)(B) (emphasis added).

The phrase "or otherwise involves conduct that presents a serious potential risk of physical injury to another" is known as the ACCA's "residual clause." *See Johnson*, 135 S. Ct. at 2556. In *Johnson*, the Supreme Court held that the residual clause was unconstitutionally vague because "the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges." 135 S. Ct. at 2557. Accordingly, "[i]ncreasing a defendant's sentence under the clause denies due process of law." *Id*.

In striking the residual clause, the Court held the clause void in its entirety. *Johnson*, 135 S. Ct. at 2561. Additionally, on April 18, 2016, the Supreme Court held that *Johnson* announced a new substantive rule that has retroactive effect in cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257 (2016).[2] Thus, defendants whose sentences were previously enhanced under the ACCA may be entitled to resentencing if the prior felonies on which the enhancement relied only qualified as violent felony predicates under the residual clause.

### B. Determining Whether a State-Law Conviction Qualifies as a "Violent Felony"

After *Johnson's* invalidation of the residual clause, if an offense does not "ha[ve] as an element the use . . . of physical force," the offense can only qualify as a violent predicate felony if it "is burglary, arson, or extortion, [or] involves use of explosives." 18

---

[2] The Eighth Circuit had recognized *Johnson* as a substantive change, and thus retroactive, even prior to *Welch*. *Woods v. United States*, 805 F.3d 1152, 1154 (8th Cir. 2015).

3

U.S.C. §§ 924(e)(2)(B)(i) and (ii). When determining whether a state-law conviction qualifies as one of these enumerated violent felonies, the Supreme Court has instructed that courts should not rely on the labels and definitions applied by state law. Instead, as the Supreme Court explained in *Taylor v. United States*, such crimes should be given their "generic" definitions. 495 U.S. 575, 598 (1990).

For example, a prior conviction constitutes burglary if it has "the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Id*. at 599. Where a state burglary statute is coextensive with this generic definition, or narrower than this definition, a sentencing court can easily conclude that a prior state conviction constitutes burglary under the generic definition. However, if the state's burglary statute is broader than the generic definition, the sentencing court should take one of two approaches, depending on the specific nature of the statute. *Taylor*, 495 U.S. at 599-600. Where the broader state statute is "indivisible"—that is, does not include disjunctive phrases to delineate alternative elements of the offense—courts should take a "categorical approach" and look only to the elements of the offense to see whether they are the same as, or narrower than, the generic definition. *Id*. at 600; *see also Descamps v. United States*, 133 S. Ct. 2276, 2281-82 (2013) (holding that sentencing courts may not consult additional documents when the defendant was convicted of a crime that has a single, indivisible set of elements).

In contrast, where the broader state statute is "divisible"—meaning it includes a disjunctive phrase to delineate alternative elements of the offense—the Supreme Court has approved of a "modified categorical approach." *Descamps*, 133 S. Ct. at 2281,

4

2285. Under the modified categorical approach, a sentencing court is allowed to look beyond the bare elements of the offense, to certain documents of record in the state case, to determine whether the defendant was convicted on elements that conform to the generic definition. *See Taylor*, 495 U.S. at 602; *Descamps*, 133 S. Ct. at 2284.

### C. Long's Predicate Felonies

Long argues that both his November 13, 2001 aggravated assault conviction and his July 12, 2005 fleeing conviction could only be considered violent felonies under the ACCA's now-defunct residual clause. Long also states that those convictions can no longer be used to enhance his sentence under U.S.S.G. § 2K2.1(a)(2).[3] The Government concedes that Long's aggravated assault conviction no longer qualifies as a predicate offense under the ACCA, and that Long is accordingly entitled to resentencing. Its Response Brief did not, however, opine on whether Long's fleeing conviction still qualifies as an ACCA predicate offense.

The Court agrees with the parties that Long's aggravated assault conviction no longer qualifies as a predicate offense under the ACCA. In relevant part, Arkansas' aggravated assault statute provides:

(a) A person commits aggravated assault if, under circumstances manifesting extreme indifference to the value of human life, he or she purposely:

(1) Engages in conduct that creates a substantial danger of death or serious physical injury to another person;

(2) Displays a firearm in such a manner that creates a substantial danger of death or serious physical injury to another person; or

---

[3] U.S.S.G. § 2K2.1(a)(2) imposes a base offense level of 24 for firearms offenses when "the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense."

5

> (3) Impedes or prevents the respiration of another person or the circulation of another person's blood by applying pressure on the throat or neck or by blocking the nose or mouth of the other person.

Ark. Code Ann. § 5-13-204.

The Court finds that this statute is phrased in the disjunctive, and that some crimes falling under the statute would count as violent felonies under the ACCA's "force clause," 18 U.S.C. § 924(e)(2)(B)(i), whereas others would not. Thus, the Court applies the modified-categorical approach and looks to the relevant documents from Long's aggravated assault conviction. *See Taylor*, 495 U.S. at 602; *Descamps*, 133 S. Ct. at 2284. The judgment from the state court case is of no help, as it contains a scrivener's error which identifies the wrong statute entirely. (Doc. 19-2, p. 2). The felony information, however, describes Long's charges as follows: "A person commits aggravated assault if, under circumstances manifesting extreme indifference to the value of human life, he *purposely engages in conduct that creates a substantial danger of death or serious physical injury to another person*." (Doc. 19-3, p. 2 (emphasis added)). This language clearly tracks subsection (a)(1) of Arkansas' aggravated assault statute.

The Eighth Circuit has recently found that a conviction under subsection (a)(1) of Arkansas' aggravated assault statute does not qualify as a predicate violent felony post-*Johnson*. In *United States v. Jordan*, the Eighth Circuit analyzed whether the subsection fell within the ACCA's "force clause." 812 F.3d 1183, 1185 (8th Cir. 2016); 18 U.S.C. § 924(e)(2)(B)(i). It began its analysis by noting that "[i]f a statute only requires the government to prove that a defendant created *a risk of harm* to another, it does not

6

qualify as a violent felony under the force clause because the government need not prove violent physical force." 812 F.3d at 1186 (emphasis added). The *Jordan* Court then held that "subsection (a)(1) of Arkansas' aggravated assault statute only requires the government to prove that a defendant's conduct created 'a substantial danger of death or serious physical injury,'" so it does not qualify as a violent felony under the "force clause." *Id.* at 1186-87.

Accordingly, Long's conviction under Ark. Code Ann. § 5-13-204 could only qualify as a predicate offense under the ACCA's unconstitutionally vague residual clause. That conviction therefore does not count as a violent felony predicate offense, and Long must be resentenced. Having reached this conclusion, the Court sees no need to determine whether Long's fleeing conviction constitutes an ACCA predicate offense. It also believes that making any findings regarding Long's U.S.S.G. § 2K2.1(a)(2) argument prior to his resentencing hearing would be premature.

### III.   CONCLUSION

For the reasons described herein, the Court finds that Long's Motion for Relief Under 28 U.S.C. § 2255 (Doc. 19) is **GRANTED**, and his sentence is **VACATED**. The Probation Office shall prepare a revised PSR, and a date for resentencing shall be set by separate order.

**IT IS SO ORDERED** on this 23rd day of July, 2016.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

7